IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JESSE ROBBINS,                                      )
                                                    )
                Plaintiff,       )        Civil Case No. 08-191-KI
                                                    )
    vs.                                             )        OPINION AND ORDER
                                                    )
THE RAYMOND CORPORATION and                         )
RAYMOND HANDLING CONCEPTS                            )
CORPORATION-OREGON,                                 )
                                                    )
              Defendants.      )
_____             )

    J. Randolph Pickett
    R. Brendan Dummigan
    Pickett Dummigan Aguilar LLP
    621 SW Morrison Street, Suite 900
    Portland, Oregon  97205-3823

    J. Michael Casey
    1515 SW Fifth Avenue, Suite 808
    Portland, Oregon  97201

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Nancy M. Erfle
Joshua S. DeCristo
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, Oregon  97204

Ray Jamieson
Quarles & Brady LLP
411 E. Wisconsin Avenue, Suite 2040
Milwaukee, Wisconsin  53202-5000

      Attorneys for Defendants

KING, Judge:

      Plaintiff Jesse Robbins brings a lawsuit against defendants The Raymond Corporation ("Raymond") and Raymond Handling Concepts Corporation-Oregon ("RHCCO") for injuries plaintiff sustained while operating a forklift manufactured by Raymond and installed by RHCCO. Before me is plaintiff's Motion to Remand (#11).  For the following reasons, I deny the motion.

## BACKGROUND

      Plaintiff seeks a remand to Circuit Court of the State of Oregon for Multnomah County. Defendants removed to this court claiming plaintiff fraudulently joined RHCCO, which is an Oregon corporation.

      Plaintiff alleges in his Complaint that he was injured while operating a forklift designed and manufactured by Raymond and *sold* by RHCCO.  Plaintiff has since learned that Raymond sold the forklift to Safeway, and had it delivered to the Clackamas, Oregon facility, which is where plaintiff was injured, and RHCCO "installed" the forklift.  RHCCO's Service Manager, Corey Chyczewski, explains:

Page 2 - OPINION AND ORDER

> Safeway would ask us to come out and take it [the forklift] from the pallet and stand it upright and make sure that all the caps for the hydraulic tanks have the right breathers on them.  There's a checklist that we go down to make sure that nothing has changed from when it left the factory as far as loose hardware, things like that.  And just do a couple operational checks.

DeCristo Aff. ¶ 3, Ex. B.

Plaintiff's foot was crushed when he collided with another forklift.  Plaintiff claims the forklift was not properly designed because it left the operator's left lower extremity unprotected.  Plaintiff brings strict liability and negligence claims.

## LEGAL STANDARDS

The party seeking removal has the burden of establishing federal jurisdiction.  Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993).  Courts strictly construe the removal statute against removal jurisdiction.  Any doubt as to the right of removal is resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and "the defendant's presence in the lawsuit is ignored for purposes of determining diversity."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A removing party who alleges fraudulent joinder has a heavy burden of persuasion.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1990).

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim alleged against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Goldberg v. CPC Int'l, Inc.,

Page 3 - OPINION AND ORDER

495 F.Supp. 233, 239 (N.D.Cal.1980). All contested issues of substantive fact and any uncertainties on the state of controlling substantive law are resolved in favor of the plaintiff. Boyer, 913 F.2d at 111. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (internal quotation omitted).

## DISCUSSION

Plaintiff concedes, as the Complaint is plead now, he has no claim against RHCCO. He suggests, however, that he amend his Complaint to allege a theory of negligence liability against RHCCO as the installer of the forklift. He agrees he may not assert a claim of strict liability against RHCCO. He asserts RHCCO was negligent in installing the forklift in a dangerous condition without a safety door, and that the defect was open and obvious at the time of the installation. As a result, he asserts he has presented facts to demonstrate a possible cause of action against RHCCO. Notably, plaintiff does not intend to allege RHCCO negligently unpacked the forklift, negligently set it upright, or failed to check damage to the forklift. Instead, plaintiff plans to amend his Complaint to allege Raymond did not design the forklift with a safety door, and that RHCCO should have discovered the defect.

Plaintiff contends that case law supports a claim against RHCCO based on its negligent installation of the forklift. Brokenshire v. Rivas & Rivas, Ltd., 142 Or. App. 555, 922 P.2d 696 (1996), review dismissed, 327 Or. 119, 957 P.2d 157 (1998) (contractor who sold and installed floor was strictly liable); Watts v. Rubber Tree, Inc., 118 Or. App. 557, 848 P.2d 1210, on recons., 121 Or. App. 21, 853 P.2d 1365 (1993) (implicitly recognized negligence claim against

Page 4 - OPINION AND ORDER

installer); <u>Hoover v. Montgomery Ward and Co., Inc.</u>, 270 Or. 498, 528 P.2d 76 (1974) (improper mounting of non-defective tire could amount to negligence).

I disagree that these cases support plaintiff's proposed amendment.  <u>Brokenshire</u> did not address a negligence theory at all, holding only that a contractor who sold and installed a dangerously slippery floor could be held strictly liable.  In <u>Watts</u>, plaintiff properly alleged a negligence claim against a tire company for failing to discover a tire casing had been damaged before recapping it.  In <u>Hoover</u>, plaintiff did not claim the tire mounted on her car was defective. Instead, she alleged that defendant failed to tighten the lug nuts on one of the wheels.

Here, plaintiff admits he has no strict liability claim against RHCCO.  As for his negligence claims, <u>Watts</u> and <u>Hoover</u> are inapposite since plaintiff does not allege that RHCCO improperly installed the forklift or failed to discover damage to it.  The cases do not support plaintiff's argument that RHCCO can be held liable for failing to discover a design defect, where RHCCO's only responsibility is to install the forklift.  Since plaintiff fails to state a cause of action against RHCCO, the resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and "the defendant's presence in the lawsuit is ignored for purposes of determining diversity."  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).  As a result, plaintiff's Motion to Remand is denied.


///



///

Page 5 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand (#11) is DENIED.

IT IS SO ORDERED.

Dated this _____10th_____ day of June, 2008.


  ___/s/ Garr M. King_____
Garr M. King
United States District Judge